**UNITED STATES of America, Appellee,**

v.

**Gregory Alan MOHR, Appellant.**

**No. 83–1108.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1983.

Decided March 2, 1984.

Patrick H. Payton, Des Moines, Iowa, for appellant.

Richard C. Turner, U.S. Atty., Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Gregory Alan Mohr appeals his convictions on two counts of misapplication of bank funds in violation of 18 U.S.C. § 656 (1982) and one count of conspiracy in violation of 18 U.S.C. § 371 (1982). The case was tried to the court.[1] A motion for acquittal was sustained on one additional count, and Mohr was found not guilty on three other counts. He argues on appeal that his convictions are contrary to the evidence or not supported by the evidence. We affirm.

Mohr was vice president and head cashier of the Citizens State Bank in Donnellson, Iowa. In December of 1980, Mohr began making a series of loans to Jimmy Dee Miller, who already had open loans with the bank totalling $41,884.95 and a real estate loan with the bank of $161,500. Mohr was aware that Miller was involved in commodity trading and that he intended to use the proceeds to meet margin calls.

Debra Kirchner, a bank employee, was requested by Mohr to take out personal loans in her own name and provide him

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

with the proceeds because bank policy prohibited a bank officer from taking a loan of more than $10,000 from the bank. On December 9, 1980, and January 26, 1981, Kirchner obtained loans of $13,675 and $22,400, respectively, and gave the proceeds to Mohr.

Mohr argues that his convictions on Counts 3, 4, and 7 of the indictment are inconsistent with or unsupported by the evidence. The issue he raises is essentially the sufficiency of the evidence, and the standard we apply is whether, after viewing the evidence in the light most favorable to the prosecution, we conclude that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Count 3 charged Mohr with violation of 18 U.S.C. § 656 by granting a loan of $47,-861.64 to Jimmy Dee Miller. Mohr challenges his conviction under Count 3 on three grounds. First, he argues that the evidence was insufficient to prove two essential issues under 18 U.S.C. § 656: whether Mohr misapplied the funds and whether he acted willfully and with intent to injure or defraud the bank.

██ "Misapplication" under 18 U.S.C. § 656 covers unauthorized and improper conduct, typically conversion of bank funds for personal use by a bank officer or a third party. Violation of state law or bank policy may indicate such misapplication. *United States v. Ness,* 665 F.2d 248 (8th Cir.1981); *United States v. Southers,* 583 F.2d 1302 (5th Cir.1978). Here, the bank's lending limit as to any one customer, as prescribed by Iowa law, increased from $230,000 in 1980 to $270,000 in January, 1981. Miller had been loaned $203,380, and during December, 1980, Mohr granted him additional loans totalling $168,500. The new loan of $47,861.64 on January 28, 1981, therefore violated both state law and express bank policy. We conclude that the evidence was sufficient to establish misapplication of bank funds.

██ Sufficient evidence also established the element of intent. Jerry Harkins, then president of the bank, testified that in December of 1980, he told Mohr, "Well, don't loan the guy any more money." [TR 185] Evidence showed that Mohr himself received at least $40,000 of the money loaned to Miller during December of 1980. The evidence also revealed that Mohr asked Sam Spray to sign a $55,000 promissory note to conceal from bank examiners the extent of Miller's indebtedness.

██ Second, Mohr argues that because the government elected to include in Count 3 an allegation that he concealed the making of the loan from the directors of the bank by false and misleading reports, and because he was acquitted on another count which dealt with the concealment of the same loan, the government failed to prove the additional allegation and Count 3 as well. The additional allegation in Count 3, however, was unnecessary to the establishment of a violation under 18 U.S.C. § 656. As mere surplusage, an additional allegation may be disregarded, and the indictment is valid if sufficient allegations remain to charge a crime. *United States v. Good Shield,* 544 F.2d 950, 953 (8th Cir. 1976); *United States v. Archer,* 455 F.2d 193, 194 (10th Cir.), *cert. denied,* 409 U.S. 856, 93 S.Ct. 135, 34 L.Ed.2d 100 (1972). Thus, regardless of whether the evidence proved concealment, the government did not need to do so; the rest of the allegations in Count 3 sufficiently charged a violation of 18 U.S.C. § 656. Furthermore, the concealment allegation did not constitute a fatal variance between the allegations and proof because the wording of Count 3 sufficiently informed Mohr of the charge against him and posed no danger that he would be prosecuted again for the same crime. *United States v. Schoenhut,* 576 F.2d 1010, 1021–22 (3d Cir.1978).

██ Third, Mohr contends that the government elected to increase its burden of proof by alleging that Mohr willfully and knowingly "embezzle[d], abstract[ed], purloin[ed] and misappl[ied]" the monies and funds of the bank, using the conjunctive

"and" instead of following the wording of 18 U.S.C. § 656, which uses the disjunctive "or." Because the government did not prove that he did all four acts, Mohr claims his conviction on Count 3 cannot stand. Where a statute specifies two or more ways in which an offense may be committed, however, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the acts conjunctively charged may establish guilt. *Gerberding v. United States,* 471 F.2d 55, 59 (8th Cir. 1973); *United States v. McCann,* 465 F.2d 147, 162 (5th Cir.1972), *cert. denied,* 412 U.S. 927, 93 S.Ct. 2747, 37 L.Ed.2d 154 (1973). Having proven that Mohr misapplied bank funds, the government did not need to prove that Mohr also embezzled, abstracted and purloined in order to show a violation of 18 U.S.C. § 656.

■ Count 4 charged Mohr with another violation of 18 U.S.C. § 656, alleging that he granted Debra Kirchner a $22,400 loan, the proceeds of which went to Mohr himself. Mohr argues that the evidence was silent as to which bank officer approved the loan and therefore was insufficient to show that Mohr did. The evidence, however, revealed that Mohr was Kirchner's immediate supervisor; that he asked her to apply for two loans, one for $22,400 and one for $13,675, from which he would receive the proceeds; that he knew state law prohibited him as a bank officer from borrowing those amounts; and that when he repaid the loans, he requested Kirchner to obtain cashier's checks in amounts under $10,000 from out-of-town banks to avoid triggering federal reporting requirements. Moreover, Douglas Van Dyke, president of the bank, testified that his investigation into the matter directly confirmed the reasonable inference that Mohr authorized the Kirchner loans. Thus, there was sufficient evidence to convince a rational trier of fact that Mohr misapplied bank funds in violation of 18 U.S.C. § 656 under Count 4. *See United States v. Krepps,* 605 F.2d 101 (3d Cir.1979) (misapplication established by defendant's dual status as loan officer and loan beneficiary).

Count 7 charged Mohr with violation of 18 U.S.C. § 371, alleging that he conspired with Jimmy Dee Miller to violate 18 U.S.C. § 656. In *United States v. Richmond,* 700 F.2d 1183 (8th Cir.1983), this Court observed that "to establish a conspiracy under 18 U.S.C. § 371 the government must prove the existence of 'an agreement to commit an offense or to defraud the United States, attended by an act of one or more of the conspirators to effect the object of the conspiracy.'" *Id.* at 1189 (quoting *United States v. Pintar,* 630 F.2d 1270, 1275 (8th Cir.1980)). Mohr contends that there was no proof that Miller knowingly or intentionally entered into an agreement with Mohr to commit a federal offense.

■ A conspiracy under 18 U.S.C. § 371, however, need not involve an express agreement and may consist of nothing more than a tacit understanding. *United States v. Pintar,* 630 F.2d at 1275. The existence of the agreement may be shown by circumstantial evidence. *Hamling v. United States,* 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974); *Pintar,* 630 F.2d at 1275. In this case, the testimony of Sam Spray revealed that Miller asked Spray to sign promissory notes for Miller because Miller's credit at the bank was overextended and bank examiners were coming. Evidence also demonstrated that Miller transferred at least $40,000 in loan proceeds to Mohr and that Miller assisted Mohr in the commodity trading activity for which both needed funds. Thus, the evidence adequately supported the conclusion that Miller participated in the conspiracy with Mohr.

Viewed in the light most favorable to the government, the evidence was sufficient to support Mohr's convictions under Counts 3, 4 and 7. Accordingly, we affirm the judgment of the district court.