UNITED STATES of America, Appellee,

v.

Kenneth R. MASTRANDREA, Appellant.

No. 90–5332.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 11, 1991.

Decided Aug. 26, 1991.

Rehearing and Rehearing En Banc
Denied Oct. 4, 1991.

Douglas W. Thomson, argued (Douglas W. Thomson and Deborah K. Ellis, on brief), St. Paul, Minn., for appellant.

Jeffrey S. Paulsen, argued (Jerome G. Arnold and Jeffrey S. Paulsen, on brief), Minneapolis, Minn., for appellee.

1. The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota.

Before MAGILL, BEAM and LOKEN, Circuit Judges.

BEAM, Circuit Judge.

Kenneth R. Mastrandrea was convicted, following a jury trial, on eight counts of interstate transportation of stolen property. *See* 18 U.S.C. § 2314 (1988). On appeal, he argues that the district court[1] erred in not granting his motion for acquittal because the government failed to prove all the elements of the offenses. He also contends that the indictment was vague and failed to give him adequate notice of the charges against him. We affirm.

Mastrandrea does not dispute the underlying facts and only a brief recitation is necessary. Mastrandrea was president of Firstours, Inc., a wholesale travel agency. In this capacity, he obtained company funds to which he was not entitled either by writing company checks to himself or by directing others to do so. He then deposited the checks, which were drawn on banks in California and Illinois, in his Minnesota bank account. To conceal the misappropriation, he directed Firstours's bookkeeper to falsify company records.

The grand jury returned an indictment alleging generally that Mastrandrea devised a scheme and artifice to defraud his employer of money by, *inter alia*, drafting company checks without authority and depositing them in his personal bank account. Each count of the indictment on which Mastrandrea was convicted realleges the general allegations and alleges a specific check number and amount of money.[2] For example, Count IV alleges:

> On or about January 10, 1986, in the State and District of Minnesota and elsewhere, the defendants,
>
> KENNETH R. MASTRANDREA and
>
> MILTON H. SARGENT,
>
> each aiding and abetting the other, for the purpose of executing the aforesaid

2. Five other counts of the indictment, including one count of mail fraud, one count of wire fraud, and three additional counts of interstate transportation of stolen property, were dismissed without prejudice before trial.

scheme and artifice to defraud, did knowingly cause to be transported in interstate commerce, through normal banking channels, Firstours' check number 22194 in the amount of $5,000, drawn on the Security Pacific National Bank of Los Angeles, California, which check was deposited in an account in the name of Kenneth R. Mastrandrea at the Norwest Bank Metrowest, Hopkins, Minnesota, all in violation of Title 18, United States Code, Sections 2314 and 2.

Designated Record at 7.

Mastrandrea contends that the indictment led him to believe that he had been charged under the second paragraph of section 2314,[3] which he argues requires proof that the transportation in interstate commerce was necessary to a scheme to defraud. He bases this argument on the indictment's use of the words "for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be transported in interstate commerce." In rejecting this argument, the district court denied Mastrandrea's motion for acquittal at the close of the government's case and refused to instruct the jury as he requested. On appeal, Mastrandrea contends that the indictment failed to give him adequate notice of the charges against him so that he could prepare his defense. The government disagrees and argues that he was indicted under the first paragraph of section 2314 and that the extra language was merely surplusage.

■ The Supreme Court has held that independent and unnecessary allegations in an indictment may be ignored and do not constitute an amendment rendering the indictment void. *United States v. Miller*, 471 U.S. 130, 144, 105 S.Ct. 1811, 1819, 85 L.Ed.2d 99 (1985). An indictment is considered sufficient if "it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution." *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985) (citing *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)). Allegations in an indictment that are not necessary to establish a violation of the statute in issue are mere surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime. *United States v. Mohr*, 728 F.2d 1132, 1134 (8th Cir.) (in prosecution for misapplication of bank funds, allegation that making loan was concealed from directors by false and misleading reports was mere surplusage and was disregarded), *cert. denied*, 469 U.S. 843, 105 S.Ct. 148, 83 L.Ed.2d 87 (1984); *United States v. Holmes*, 594 F.2d 1167, 1173 (8th Cir.) (in prosecution for being felon in possession of a firearm, allegation that firearm was knowingly received in violation of the law was mere surplusage and no error in refusing to instruct jury that specific intent required), *cert. denied*, 444 U.S. 873, 100 S.Ct. 154, 62 L.Ed.2d 100 (1979). We believe that any unnecessary allegations in the Mastrandrea indictment were mere surplusage.

■ Mastrandrea argues, however, that the additional allegations prevented him from preparing his defense because he was misled as to the necessary elements of the offense.[4] That is, the focus of his defense

---

3. Section 2314, which does not contain separately numbered paragraphs, provides:

Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or

foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more; or

. . . .

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both. 18 U.S.C. § 2314.

4. The government possibly was confused about the statutory provision. Before trial, the government submitted a proposed jury instruction which quoted the language from the second paragraph of section 2314 with an ellipsis replacing the reference to person or persons. Based on its opening statement, the government

was that the fraud ended when he deposited the checks in his account, and the subsequent interstate transportation was not for the purpose of executing a scheme to defraud. In *United States v. Kibby*, 848 F.2d 920, 923 (8th Cir.1988), this court held that the interstate commerce requirement is jurisdictional only. Thus, for the purposes of section 2314, the jury did not need to be instructed that the defendant knew the checks, which he had stolen, would be transported in interstate commerce. *Id.* We also note that a scheme to defraud is not mentioned in the first paragraph of section 2314. Clearly, then, the interstate transportation of fraudulently obtained checks for the purpose of executing a scheme to defraud is not an element of the off ense, and the inclusion of this language in the indictment does not make it an element of the offense. *See United States v. Brown*, 604 F.2d 557, 560 (8th Cir.1979) (extraneous allegations in an indictment need not be proven). Further, Mastrandrea had notice at the time of opening statements that the government was proceeding under paragraph one of section 2314. And, he offers no information on how he might have proceeded differently had the disputed language been omitted.

■ In addition, the second paragraph of section 2314, which arguably requires the government to prove that the interstate transportation was in furtherance of the scheme to defraud, applies to the interstate transportation of people, not property. *See* 18 U.S.C. § 2314. *Accord* H.R.Rep. No. 2474, 84th Cong., 2d Sess., *reprinted in* 1956 U.S.Code Cong. & Admin.News 3036, 3037–38 (new provision, which became the second paragraph of section 2314, necessary to provide basis for prosecution when victim of confidence game travels in interstate commerce). The illegal transportation of property is not prohibited by the second paragraph of section 2314. Mastrandrea's argument that he was prejudiced by the surplusage in the indictment is without merit.

apparently became aware of the proper provision sometime before trial. The government's apparent confusion, while adding strength to

The judgment of the district court is affirmed.

Mastrandrea's argument, does not affect the validity of the indictment.