**UNITED STATES of America,
Appellee,**

v.

**Albert PACHECO, Appellant.**

**No. 667–70.**

United States Court of Appeals,
Tenth Circuit.

Dec. 2, 1971.

Joseph Saint-Veltri, Denver, Colo., for appellant.

Victor R. Ortega, U. S. Atty. (Ronald A. Ginsburg, Asst. U. S. Atty., on the brief), for appellee.

Before SETH, HAMLEY* and HOLLOWAY, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of appellant's motion to vacate his sentence under 28 U.S.C. § 2255. He was sentenced on a narcotics charge in the United States District Court for the District of New Mexico. See Pacheco v. United States, 367 F.2d 878. (10th Cir.), for an appeal from his conviction.

Appellant urged to the trial court and on this appeal that the principal prosecution witness, who testified at trial that he purchased narcotics from appellant, committed perjury. The assertion is that when the witness was asked on cross-examination by appellant's attorney: "Were you ever indicted for being a pusher, Robert," he answered falsely, "No, sir." It appears that the witness had been charged by a criminal complaint for selling narcotics to a government agent. The charge had been filed on June 11th of the year prior to appellant's trial in January. This complaint against the witness was dismissed after appellant's trial. The witness was thus charged, but had not been indicted.

The trial court held an evidentiary hearing on the matter of effective representation and related issues, and appellant was therein represented by counsel. As to the claim of perjury, the appellant testified at the hearing below that his attorney knew that the charges were pending against the government witness because he had told him about them. The attorney could have proceeded further to question the witness after the "no" answer to the indictment question, but he did not do so. Thus the appellant and his attorney knew when the witness testified that narcotics charges of some sort had been filed against the witness. The attorney for appellant made inquiry about an "indictment," received a "no" answer which was technically correct, but did not inquire as to charges of another nature.

It must be concluded that the witness did answer the specific question as to indictment truthfully, and it cannot be asserted that perjury was committed. We need not consider the question of admissibility. Tafoya v. United States, 386 F.2d 537 (10th Cir.). There is no evidence that the government made any attempt to suppress the truth about the witness as is asserted by appellant. The defendant and his attorney were fully aware of the facts. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215, and Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737. Appellant testified at his trial that narcotics charges were pending against the witness. He stated: "They were still pending on him, he was out on bond when he went to my house." This refers to the time the witness testified he made the purchase of narcotics from the defendant at his house which was in question at the trial. The defendant later testified that the witness had told him he had been picked up on a marijuana charge, and was on bond. Thus there is no question but that the jury was informed that the witness was under charges. Compare Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217.

---

* Of the Ninth Circuit, Sitting by Designation.

Thus considering the fact that the question of the witness was answered in a manner which was technically correct; considering also the defendant's and his attorney's knowledge of the true state of the facts, and considering that the jury was made aware of the pending charges against the witness, appellant's claim must fail. The matter of appellant's representation by counsel at the trial was fully developed by the trial court during the hearing below, and the court concluded that he was well represented. We agree.

Affirmed.