**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Paul MASTERS, Jr.,**
**Defendant-Appellant.**

**No. 73-1061.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 12, 1973.

Decided Sept. 14, 1973.

Rehearing Denied Nov. 12, 1973.

He was sentenced to five years imprisonment on Count I and five years imprisonment on Counts II, III, IV, V and VI, said sentences to run concurrently. Following the verdict of the jury, Masters moved for judgment of acquittal notwithstanding the verdict or for a new trial; both motions were denied. The court rendered judgment, and from that judgment Masters appeals.

It appears that in August, 1971, appellant, who was being held in the United States Penitentiary at Leavenworth, Kansas, filed a Petition for a Writ of Habeas Corpus with the United States District Court for the District of Kansas. In that petition, Masters alleged that he was "at liberty on July 8, 1971," that he was arrested without warrant or probable cause, that he was thereafter unlawfully restrained of his liberty, that he had been imprisoned without trial and deprived of the right to confront his accusers, and that his imprisonment was not predicated upon a judgment, conviction or the imposition of sentence by a court of the United States. Masters was allowed to proceed *in forma pauperis*, and the warden of the U.S. Penitentiary filed an Answer and Return setting forth lawful reasons for Masters' incarceration, i. e., that he was arrested under the authority of a mandatory release violator's warrant.

Masters filed a Traverse stating that he was not the same John Paul Masters, Jr. named in the respondent's Answer and Return, and that he had never been "convicted in any court." The court below found that a factual issue had been presented, and an evidentiary hearing was ordered to determine the sole issue of the identity of Masters.

It was during this evidentiary hearing on November 9, 1971, that the alleged perjurious statements which constitute the substance of the present indictment were made. Masters appeared as a witness before the district court and, being under oath, testified in response to questions that he was "at liberty" in Fort Madison, Iowa, on January 18, 1965, Count I; that he had not been convicted

Peter L. Garrett, Denver, Colo., for defendant-appellant.

Bruce E. Miller, Topeka, Kan. (Robert J. Roth, U. S. Atty., Edward H. Funston, Richard L. Meyer, Asst. U. S. Attys., on the brief), Topeka, Kan., for plaintiff-appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

Following a jury trial, appellant Masters was convicted of six counts of perjury in violation of 18 U.S.C. § 1621.

in the Southern District of Iowa or sentenced to imprisonment for a maximum of five years under provisions of 18 U.S.C. § 4208(c) for study and report, Count II; that he had not been married and did not know one June Masters, Count III; that he had never had a court-appointed attorney by the name of Lawrence Oliver and did not know anyone by that name, Count IV; that he had never been in any court, either state or federal, Count V; and that he had never "served time" in the Iowa State Penitentiary, Count VI. At the subsequent trial the United States proved each of these statements to be false.

Through brief by counsel and several pro se submissions, Masters has alleged numerous reasons for reversing his conviction, many of which are completely groundless. This opinion will consider only the more legitimate claims of appellant in these arguments.

■ Masters' first contention is that the indictment, as framed, constituted an undue multiplicity of charges. Though the United States strongly urges that the imposition of concurrent sentences makes a discussion of this contention unnecessary, the Supreme Court has held that the concurrent sentence doctrine is not a jurisdictional rule and concurrent sentences do not remove the elements necessary to create a justiciable case. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

■ Masters asserts that several of the questions involved, though each asked a different specific fact, were actually the same question in law and correctly argues that the United States cannot charge him in multiple counts by repetitiously asking the same question.[1] However, we hold that the questions in point each involved a separate known fact about the John Paul Masters, Jr. named in the warrant, and thus each answer constituted a separate incident of perjury. The purpose of the hearing was to determine if appellant was the John Paul Masters, Jr. who was convicted in the Southern District of Iowa and sentenced on January 18, 1965, by a federal district court, and who had been released on mandatory release June 7, 1968, from the sentence resulting from that conviction. "The commission of perjury as to one matter does not absolve the witness or afford him immunity as to all other matters covered by his testimony at the same hearing. The obligation to testify truly and the penalty for false swearing is present as to every material answer given by him."[2]

■ Masters' next contention is that the court, sitting in the habeas corpus proceeding, erred in failing to appoint counsel for that purpose. This contention ignores the rule established by this Court that no absolute right to appointment of counsel exists in habeas corpus actions as they are civil and not criminal proceedings.[3] The court could have appointed counsel under 28 U.S.C. § 1915(d); however, that is purely a discretionary power[4] vested in the court in an *in forma pauperis* proceeding. The test to apply requires petitioner to convince the court there is sufficient merit to his claim to warrant the appointment of counsel.[5] Masters did not request counsel but nonetheless the court considered appointment and denied it. Additionally, the fact Masters was not represented by counsel is not justification for his making positive statements under oath that were obviously known to him to be untrue. The implications of the oath were explained to him by the

1. Masinia v. United States, 296 F.2d 871 (8th Cir. 1961).

2. United States v. Cason, 39 F.Supp. 731 (W.D.La.1941).

3. Lee v. Crouse, 284 F.Supp. 541 (Kan. 1967), aff'd 396 F.2d 952 (10th Cir. 1968); Ratley v. Crouse, 365 F.2d 320 (10th Cir. 1966); Plaskett v. Page, 439 F.2d 770 (10th Cir. 1971).

4. Garrison v. Lacey, 362 F.2d 798 (10th Cir. 1966), cert. denied, 387 U.S. 911, 87 S.Ct. 1696, 18 L.Ed.2d 630 (1967).

5. Jackson v. Turner, 442 F.2d 1303 (10th Cir. 1971).

court, and his duty was no different than any other witness under oath.

██ Masters additionally contends that the court below improperly ruled that the statements of the appellant were material as a matter of law. As we stated in Travis v. United States, 123 F.2d 268 (10th Cir. 1941), the issue of materiality, in perjury prosecutions, is one of law for the court to decide. And as we stated in United States v. Whitlock, 456 F.2d 1230 (10th Cir. 1972), for testimony to be material it must be capable of influencing the tribunal on the issue before it. Masters incorrectly asserts that as the testimony did not affect the court in its decision on the issue that it was not material. This actual effect argument was refused in United States v. Allen, 131 F.Supp. 323 (E.D. Mich.1955):

. . . the actual effect of the false testimony is not the determining factor, but rather its capacity to affect or influence the trial judge in his judicial action on the issue before him.[6]

The trial court's ruling is clearly not erroneous and is affirmed.

██ Masters also asserts that it was error to permit witnesses to make references to other crimes of which the appellant was previously convicted. The rule is well settled that evidence of prior crimes is not admissible to establish guilt or to show a propensity on the part of the defendant to commit the crime with which he is charged.[7] However, such is not the case here. To prove appellant guilty of perjury on several of the counts in his indictment it was necessary to show that he was in court, was convicted and sentenced, had served time, and was not at liberty on July 8, 1971. Such proof inherently involves evidence of prior crimes of the defendant. Though this testimony may have prejudiced the jury to some degree, it was material, relevant and competent to show that Masters had perjured himself in the previous hearing.

██ Repeatedly, in pro se arguments, Masters asserts that 18 U.S.C. § 1621 is unconstitutional on several grounds and that this indictment constitutes double jeopardy as he was previously indicted for perjury by a different grand jury.

The courts have traditionally upheld the validity of laws designed to protect the interests of society in assuring the fair and effective operation of their courts. No other function is as critical to the operation of the courts as that of fact finding, and no law is more necessary than one to punish deliberate attempts to defraud the courts through perjury. Title 18 U.S.C. § 1621 is a statute narrowly drawn to punish specific conduct that infringes a substantial government interest in protecting the judicial process. It establishes a clear and ascertainable standard of guilt and punishes only those who are found to willfully state or subscribe any material matter which they do not believe to be true. Appellant's contentions as to the unconstitutionality of this statute are without merit.

██ Appellant's contention that the present indictment constitutes double jeopardy is also without merit. Where, as in this case, a nolle prosequi is entered to one charge, a subsequent indictment containing counts relating to a different offense does not put defendant in double jeopardy.

Lastly, Masters asserts that his statements were technically true or legally true and thus cannot support this conviction. He cites our holding in United States v. Pacheco, 451 F.2d 1000 (10th Cir. 1971), for the proposition that any statement that is true in a technical sense is not a violation of 18 U.S.C. § 1621. However, the holding in that opinion was in regard to the use of the word indictment, which has a technical

6. United States v. Hendrickson, 200 F.2d 137 (7th Cir. 1957), cert. denied, 345 U.S. 926, 73 S.Ct. 785, 97 L.Ed. 1357.

7. Maestas v. United States, 341 F.2d 493 (10th Cir. 1965).

legal meaning. Masters' statements do not qualify for such a technical meaning, and the jury was not precluded from finding that at the time he made them he did not believe them to be true.

Just prior to the argument and submission of this case to the court, and on July 5, 1973, the appellant filed with the clerk a document which he captioned "Petition for Writ of Habeas Corpus". This instrument was filed in the above numbered case and has been considered by the court in connection with that appeal; consideration has been given to the numerous points raised therein by the appellant. We are unable to find any merit in any of the contentions made therein.

Affirmed.