726 P.2d 621

**The STATE of Arizona, Appellee,**

v.

**John Charles COOK, Appellant.**

**No. 2 CA–CR 4258.**

Court of Appeals of Arizona,
Division 2, Department A.

June 11, 1986.

Review Denied Oct. 7, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Gerald R. Grant, Phoenix, for appellee.

Dunscomb & Shepherd, P.C. by Denice R. Shepherd, Tucson, for appellant.

HOWARD, Presiding Judge.

The defendant was convicted by a jury of sexual assault, kidnapping and aggravated assault. He was sentenced to concurrent prison terms ranging from five to seven years. The victim in this case was a 65-year-old woman who was living with and caring for Mrs. Clifford, a senile 81-year-old woman. The victim had met the defendant in a bar sometime before the crime and had told him that Mrs. Clifford needed some yard work done. On the day of the crime, the defendant came to the Clifford

house where Mrs. Clifford agreed to hire him. He left and returned later in the evening. He and the victim walked to a store and purchased some liquor. They returned to the Clifford home and began drinking. After a while the defendant began to hit and choke the victim and Mrs. Clifford. He held a knife to the victim's throat, pulled her into the bedroom where he raped her and performed cunnilingus on her and then left the house. The victim passed out and when she awakened, called the police. The defendant was found sleeping at an abandoned gas station and was arrested.

The victim was transported to the hospital where a physical examination revealed fresh bruises on her jaws and cheek, a large contusion on her neck and small bruises on her chest. Her genital area was red and swollen. While at the hospital, the victim told the doctor that she had not had sex with a man for two or three years.

On the first day of trial, the prosecutor asked the trial court to preclude any evidence regarding the victim's prior sexual relations with people other than the defendant. Defendant's counsel wanted to introduce into evidence the statement that the victim made to the doctor and a later statement that she made to him to the effect that she had been living with a male friend for six or seven months prior to the incident. Defendant's counsel claimed that this evidence was admissible since it went to her credibility. The trial court granted the motion in limine and defendant contends the trial court erred thereby restricting his right to fully cross-examine the witness. We do not agree.

Rule 608(b), Rules of Evidence, 17A A.R.S., provides:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, ..."

In the case of *State ex rel. Pope v. Superior Court,* 113 Ariz. 22, 545 P.2d 946 (1976), the court held that sexual misconduct is not probative of truthfulness. Here, however, the defendant claims that the statements were not going to be introduced to show prior sexual misconduct but, rather, to show that the victim is an untruthful person. Interpreting a rule similar to our Rule 608(b), courts have held that the trial court has the discretion to exclude past acts of mendacity wholly unrelated to the instant situation. See *State v. Bowen,* 366 A.2d 174 (Me.1976).

In *United States v. Girdner,* 773 F.2d 257 (10th Cir.1985), cert. denied, — U.S. —, 106 S.Ct. 1379, 89 L.Ed.2d 605 (1986), the court stated that under federal Rule 608(b), which is the same as the Arizona rule, cross-examination regarding the prior conduct of a witness concerning his character for truthfulness is within the discretion of the trial court subject to Rule 403 of the Federal Rules of Evidence. Rule 403, Rules of Evidence, 17A A.R.S., which is identical to the federal rule states:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Here, the victim did tell the defense attorney the fact of her cohabitation with a male friend. Considering the fact that the falsehood told to the doctor had nothing to do with the doctor's examination, was wholly unrelated to the issues in this case and that its admission together with the statement made to defense counsel would circumvent the *Pope* case, the trial court did not abuse its discretion in refusing to admit the testimony.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.