12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Istvan KELE, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-55894.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 18, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Istvan Kele, a federal prisoner, appeals from the denial of his 28 U.S.C. Sec. 2241 habeas corpus petition. Kele contends that the United States Parole Commission acted outside its statutory authority and denied him due process by revoking his parole based upon unauthorized possession of firearms. We have jurisdiction under 28 U.S.C. Sec. 2253. We reverse the district court's judgment and remand with instructions to issue the writ.
 
 
 3
 Kele was released on parole on November 22, 1989, after serving sixteen years of a sentence of life imprisonment imposed following his conviction for conspiracy to rob a bank, bank robbery, and murder. While executing a search warrant on October 18, 1991, Los Angeles police officers and postal inspectors found a shotgun, a rifle, and a pistol in Kele's roommate's bedroom closet. The Commission revoked Kele's parole on February 6, 1992, and set his presumptive parole date at December 17, 1993. The National Appeals Board denied Kele's appeal on April 24, 1992. He then filed his habeas petition in district court. The magistrate judge found that the petition should be granted. The district court declined to adopt the magistrate judge's findings and recommendations and denied habeas relief on April 16, 1993.
 
 
 4
 We review de novo the denial of a habeas petition. White v. White, 925 F.2d 287, 289 (9th Cir.1991). Our review of parole revocation decisions "is limited to determining 'whether the Commission has acted outside its statutory authority or has committed a constitutional violation.' " Id. (quoting Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988)). We review the Commission's evaluation of evidence only to determine whether the evaluation was "so arbitrary as to be outside the boundary imposed by the preponderance of the evidence standard." Roberts v. Carrothers, 812 F.2d 1173, 1180 (9th Cir.1987); accord Wallace v. Christensen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc).
 
 
 5
 Kele contends that there was insufficient evidence to support the Commission's finding that he had violated the parole condition that he "not possess a firearm or other dangerous weapon." He also contends that the Commission denied him due process because it did not give him adequate notice of his parole conditions. Kele's first contention has merit.
 
 
 6
 Timothy Manion, Kele's parole officer, wrote a report stating that after the search of the apartment,
 
 
 7
 Mr. Kele stated that the weapons were his roommate's, Lazlo Fulop and that he was unaware that his roommate had any weapons. Mr. Kele then recanted and admitted that he was aware that Lazlo had a "target pistol" but that he had no knowledge that the shotgun or the rifle were in the apartment. Mr. Kele admitted that he had access to his roommate's room but claimed that he only went in there occasionally. The undersigned did witness some of Mr. Kele's personal mail in the room in which the weapons were found.
 
 
 8
 At his preliminary interview with probation officer Joan Robinson on November 4, 1991, Kele stated that he and Fulop shared a two-bedroom apartment. According to Robinson, Kele stated that he never went into Fulop's bedroom, which Fulop always kept locked. Donna Hansen, Kele's fiancee, and Andrea Pankovics, Fulop's friend, confirmed that Fulop kept his bedroom locked.
 
 
 9
 On November 25, 1991, Kele's attorney Michael Artan, who had attended the preliminary interview, sent a letter to the Commission. According to Artan, Kele told Robinson "that he and Mr. Fulop have respected each other's privacy and did not go in each other's rooms without being invited. Mr. Kele stated to Ms. Robinson that once in awhile, when he got the mail out and Fulop was busy with something and asked him, he dropped his mail on his cabinet or desk." Artan quoted Kele as follows:
 
 
 10
 Laszlo and I both told Mr. Manion that I have had no knowledge that Laszlo kept any guns in his apartment. I told him that I knew Laszlo has a target pistol though. But he never asked or came to be discussed if I knew where Laszlo stored that gun. I assumed owned by Laszlo and thought to be a target pistol. That I "knew" about Laszlo having a target pistol was prompted by an earlier incident when I observed Laszlo in sitting on his bed cleaning or assembling, what appeared to me, a target gun.
 
 
 11
 At his parole revocation hearing on January 16, 1992, Kele stated that three months before the search, he saw Fulop cleaning a target gun in their living room. Parole Officer Manion stated that Kele's keys did not fit the lock on Fulop's door.
 
 
 12
 Thus, there was evidence that (1) Kele had some access to Fulop's room and (2) Kele saw Fulop cleaning a pistol in their apartment. The parties disagree as to whether the Commission's evaluation of this evidence was arbitrary because the preponderance of the evidence did not establish Kele's constructive possession of the pistol. See Roberts, 812 F.2d at 1180; Wallace, 802 F.2d at 1552.
 
 
 13
 When a weapon is found in shared premises, and "a party has knowledge of the weapon and the intention to exercise dominion and control over it, then he has constructive possession." United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (evidence that defendant knew of gun's location in shared closet and had unhindered access to it was sufficient to support criminal conviction for being felon in possession of firearm), see also United States v. Huffhines, 967 F.2d 314, 320 (9th Cir.1992) ("When premises are shared by more than one person, more than the mere proximity to the contraband, presence on the property where it is found, and association with the person ... having control of it is required to establish constructive possession.").
 
 
 14
 Here, the evidence showed that at most, Kele occasionally entered Fulop's bedroom when Fulop was there and occasionally dropped off or picked up mail there when Fulop was in the apartment. There was no evidence that Kele knew Fulop kept the pistol in the bedroom. At most, Kele's sight of Fulop cleaning the pistol might have alerted him to the possibility that Fulop was keeping it somewhere in the apartment. This evidence was insufficient to show that Kele exercised dominion and control over the pistol. See Terry, 911 F.2d at 278.
 
 
 15
 Accordingly, we hold that the Commission's decision to revoke Kele's parole was arbitrary. See Roberts, 812 F.2d at 1180; Wallace, 802 F.2d at 1552. We therefore do not reach Kele's second contention regarding notice of parole conditions.
 
 
 16
 REVERSED and REMANDED with instructions. The mandate shall issue forthwith.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36.3