21 F.3d 1123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ray L. PRUETT, Defendant-Appellant.
 No. 93-4131.
 United States Court of Appeals, Tenth Circuit.
 March 9, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and COOK, Senior District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 COOK, Senior District Judge.
 
 
 4
 The appellant seeks review of the denial by the district court of his application for writ of coram nobis. Our jurisdiction arises under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 5
 Appellant was charged on April 14, 1983 with six violations of 18 U.S.C. Sec. 1623, false material declarations before a federal grand jury. At trial, the court ruled that materiality was not an issue for the jury and ruled as a matter of law that the statements were material. The jury found appellant guilty on all counts. He was sentenced to one year imprisonment on count 1 and two years probation on counts 2-6 to be served consecutively. Defendant did not appeal and has served his term of imprisonment. On November 30, 1992, over nine years after trial, defendant sought a writ of error coram nobis regarding the issue of "materiality" not being submitted to the jury. On July 8, 1993, the district court entered its order denying the writ. This appeal followed.
 
 
 6
 Pursuant to the All Writs Act, 28 U.S.C. Sec. 1651(a), coram nobis relief is available to vacate a conviction, even after the sentence has expired, when a constitutional right is at stake. Carter v. Attorney General of the United States, 782 F.2d 138, 141 (10th Cir.1986). Coram nobis is an extraordinary writ available only under circumstances compelling such action to achieve justice. Ward v. United States, 381 F.2d 14, 15 (10th Cir.1967).[1] Those circumstances include an explanation of why a coram nobis petitioner did not earlier seek relief from the judgment, a showing that the petitioner continues to suffer significant collateral consequences from the judgment, and a demonstration that an error of the most fundamental character occurred. Hager v. United States, 993 F.2d 4 (1st Cir.1993). See also Klein v. United States, 880 F.2d 250, 254 (10th Cir.1989) (due diligence in seeking the writ is a prerequisite to relief). Here, defendant has made no attempt and has not met the requirements to show why the issue has not been raised sooner. The motion was procedurally barred.[2]
 
 
 7
 Even were we to consider the merits, defendant fares no better. This Court held in United States v. Girdner, 773 F.2d 257, 259 (10th Cir.1985), cert. denied, 475 U.S. 1066 (1986), that materiality in perjury cases under Sec. 1623 is a question for the court to decide. See also United States v. Larranga, 787 F.2d 489, 494 (10th Cir.1986).[3] Thus, the trial court has been fully vindicated in its ruling.
 
 
 8
 For the foregoing reasons, the district court order below is AFFIRMED.
 
 
 
 *
 The Honorable H. Dale Cook, Senior United States District Judge, Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The writ is available only to correct errors that result in a complete miscarriage of justice. United States v. Williamson, 806 F.2d 216, 222 (10th Cir.1986)
 
 
 [2]
 The motion below was initially referred to a United States Magistrate Judge, who issued a Report and Recommendation that the motion was both procedurally barred and failed on the merits. The district court's order adopting the Report and Recommendation did not discuss the procedural bar
 
 
 [3]
 Even prior to this appellant's trial, we had made a similar ruling with regard to Sec. 1621, the general perjury statute. See United States v. Masters, 484 F.2d 1251, 1254 (10th Cir.1973)