F I L E D
United States Court of Appeals
Tenth Circuit

OCT 2 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ISTVAN KELE,

   Petitioner - Appellant,

  v.

UNITED STATES PAROLE
COMMISSION,

   Respondent - Appellee.

No. 97-1092
(D. Ct. No. 96-M-1708)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

  Pro se petitioner appeals from an order of the district court dismissing petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2241. On appeal, petitioner argues that the district court was biased and that the district court erred by denying appellant's motion for the recusal of the magistrate judge and the trial judge. Petitioner further alleges that the district court erred in failing to appoint counsel, in holding that the Parole Commission had sufficient evidence to conclude that petitioner was an accessory to a crime, and in failing to require the Parole Commission to credit previous prison time to the sentence imposed in this parole revocation. Finally, petitioner argues that the district court erred in determining that the Parole Commission had not arbitrarily imposed petitioner's applicable guideline sentence. We affirm.

Petitioner in this action has filed numerous applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was originally convicted and sentenced on September 11, 1973 to a term of life imprisonment for armed bank robbery, murder, and related crimes. Petitioner was initially paroled on November 22, 1989, and was to remain under the jurisdiction of the United States Parole Commission for life. After a hearing on a charge of unauthorized possession of a firearm, the United States Parole Commission revoked petitioner's parole on February 6, 1992. The United States Court of Appeals for the Ninth Circuit reversed that parole revocation in a habeas proceeding. Kele v. United States Parole Commission, 1993 WL 478937 (9th Cir. 1993). Following reversal by the Ninth Circuit, petitioner was released on December 6, 1993 after serving

2

26 months. In September 1995 in Van Nuys, California, petitioner assisted Glen Rogers in disposing of the body of a woman murdered by Rogers. On November 17, 1995, the United States Parole Commission issued a warrant charging petitioner with parole violations consisting of a failure to maintain regular employment, violation of the law as an accessory to the murder, and failure to report to his parole officer. A parole revocation hearing was held at which the hearing examiner considered petitioner's defenses and written statement, the testimony of law enforcement officers involved in the investigation of the murder, and the testimony of petitioner's parole officer. The hearing examiner found at that time that petitioner had committed criminal conduct for which the sentencing range was 52 to 64 months and recommended that petitioner be ordered to serve 60 months. Petitioner was notified on April 16, 1996, that his parole had been revoked.

In this habeas proceeding, petitioner challenges various actions of the district court that he claims require us to reverse the order of the district court dismissing this action. Initially, relying on a series of determinations by the district court related directly to this case, petitioner alleges that both the magistrate judge and the district court judge were biased and that petitioner's motions to recuse should have been granted. We have reviewed the record in this case thoroughly and find this argument meritless. There is no suggestion in this

3

record that there was any bias or reason to recuse on the part of either the magistrate judge or the district court judge. Construing petitioner's allegations liberally, as we must in the case of a pro se litigant, all of the reasons cited by the petitioner as a basis for the allegation of bias relate to requests for continuances and other matters directly related to the expeditious disposition of petitioner's motions and other filings. Even construing these allegations liberally, they cannot form the basis for an allegation of bias or unfair treatment. At most, they challenge the exercise of discretion by the magistrate judge and the district court in handling the case. We review these allegations for an abuse of discretion and find that there is no abuse under the circumstances of this case.

Petitioner further alleges that the district court violated his constitutional rights by failing to appoint counsel after repeated requests. This claim on appeal is without merit. The rule of this circuit is that no absolute right to counsel exists in habeas corpus actions because such actions are civil, not criminal, proceedings. United States v. Masters, 484 F.2d 1251, 1253 (10th Cir. 1973). There is no constitutional right to counsel in a civil case; the determination of whether to appoint counsel in a civil case is left to the sound discretion of the district court. Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994). Under the circumstances of this case, the district court did not abuse its discretion in refusing to appoint counsel. Petitioner here has made no showing of any fundamental unfairness that

4

would even colorably impinge on due process rights.

Petitioner contends on appeal that the district court erred in concluding that there was a rational basis for the Parole Commission's determination that petitioner violated the law as an accessory to the murder committed by Rogers. The record contains an abundance of evidence upon which the Parole Commission appropriately relied to make its determination that Mr. Rogers committed the crime of murder, that the petitioner was aware of the murder, and that petitioner was an accessory to the murder. When there is a rational basis for the Parole Commission's determination in the record, this court will not reverse that decision in the absence of a showing that it was arbitrary, capricious, or an abuse of discretion. Kele v. United States Parole Commission, 26 F.3d 1016, 1019 (10th Cir. 1994) (citation omitted). The order of the district court contains a thorough recitation of the facts upon which it relied in finding that the decision of the Parole Commission was not arbitrary, capricious, or an abuse of discretion. We agree and rely on substantially the evidence relied upon by the district court.

Finally, petitioner argues that the district court erred in concluding that the Parole Commission did not act arbitrarily when it exceeded the recommended sentencing range for petitioner's salient factor score. The Parole Commission is authorized to exceed the Sentencing Guidelines for good cause so long as written notice of the reasons relied upon for the departure are provided. 18 U.S.C.

5

§ 4206(c). In this case, the Commission gave notice of its action and stated that the upward departure was warranted because, in the judgment of the Commission, this petitioner represented a more serious risk than would be indicated by his salient factor score. The Commission cited petitioner's lack of good judgment. The combination of the gravity of the crime involved in this case and the reasons given by the Parole Commission constitute a rational basis for departing from the Sentencing Guidelines. We agree with the district court that the Commission did not abuse its discretion in determining the appropriate Sentencing Guideline sentence.

Petitioner alleges in this case that he should have been credited with the 25 months that he previously spent in custody pursuant to the parole revocation that was later reversed by the Ninth Circuit. The statute contains no authorization directing the Commission to credit this previously served time. Thus, the district court correctly refused to hold that the Parole Commission's decision to deny credit was a failure to follow the law. There is no basis for finding an abuse of discretion.

This court notes that this is the latest in a series of repeated filings of petitions for habeas corpus by this petitioner. Petitioner is notified specifically of

6

the 1996 amendments to 28 U.S.C. § 2244 regarding second or successive habeas corpus applications.  The order of the district court is **AFFIRMED** and the appeal **DISMISSED**.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge