**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAWANNA CLARK,

    Defendant - Appellant.

No. 10-1017
(D.C. No. 1:09-cr-00151-CMA)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **HAWKINS**[**] and **MURPHY**, Circuit Judges.

---

Lawanna Clark ("Clark") appeals her jury trial conviction for perjury in connection with her grand jury testimony. We affirm.

We review claims of insufficient evidence *de novo*, determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Hooks*, 551 F.3d 1205, 1212 (10th Cir. 2009). For a perjury

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable Michael Daly Hawkins, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

conviction, the government was required to prove (1) Clark made the statement under oath in a grand jury proceeding, (2) the statement was false, (3) she knew the statement was false when made, and (4) the false statement was material to the grand jury proceeding. *United States v. Leifson*, 568 F.3d 1215, 1220 (10th Cir. 2009).

At trial, Clark did not contest that the statement was made under oath. Although on appeal she contends that the question posed was imprecise, read in context, the question and Clark's answer were not unclear. A reasonable juror could have found that she testified falsely.

Clark argues there is insufficient evidence she knew the statement was false at the time she testified, because nearly four years had passed and she was asked only a single, general question without specifying a time frame. However, the withdrawals involved significant amounts of cash – $8,000 on a single day. An agent who examined Clark's other bank accounts also testified that it was unusual for Clark to make cash withdrawals at all. As there is rarely direct evidence of knowledge of falsity, its presence here is a fair inference to be drawn from all the circumstances. *See United States v. Larranaga*, 787 F.2d 489, 495 (10th Cir. 1986). A rational juror could have inferred from these circumstances that Clark knew she had made a substantial withdrawal from the account at the time she told the grand jury she did not.

Clark also claims there was insufficient evidence that the statement was material to the grand jury. "To be material, the false declaration must have a natural tendency to influence, or be capable of influencing, the decision required to be made." *Leifson*, 568 F.3d at 1220 (internal quotation and citation omitted). The testimony need not have an actual effect; it only need be "capable of influencing" the grand jury. *United States v. Girdner*, 773 F.2d 257, 259 (10th Cir. 1985). Here, the foreperson of the grand jury testified that the jury was interested in the answer to the withdrawal question, that it mattered "whether [Clark] took money out or not and if she was being truthful about it," and that the jury had been presented with bank records at that time which would have helped to ascertain whether Clark was being truthful. It is reasonable to infer that it was material to the grand jury whether Clark ever withdrew money from the IRC Solutions account because it went to her scope of involvement and whether she was lying about her limited role in the company. This was sufficiently connected to the overall investigation to be at least capable of influencing the grand jury's investigation. *See, e.g.*, *United States v. Vap*, 852 F.2d 1249, 1253 (10th Cir. 1988).

Finally, Clark argues that the district court abused its discretion by denying her motion for a new trial. To prevail on a motion for new trial based on newly discovered evidence, Clark must prove "(1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by . . . lack of

diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal." *United States v. La Vallee*, 439 F.3d 670, 700 (10th Cir. 2006) (citation omitted). The district court did not abuse its discretion because the "new" handwriting evidence could have been discovered earlier with due diligence and because it was not likely to result in an acquittal. The jury could compare signatures itself, *see United States v. Phillips*, 869 F.2d 1361, 1366 n.1 (10th Cir. 1988); in addition, Clark's driver's license was noted on one of the withdrawal slips and the trial jury heard testimony that it was customary for banks to require photo identification for cash withdrawals such as those in this case.

AFFIRMED.

Entered for the Court

Michael Daly Hawkins
Circuit Judge