UNITED STATES of America,
Plaintiff–Appellee,

v.

Calvin GOOCH, Defendant–Appellant.

No. 96–4060.

United States Court of Appeals,
Seventh Circuit.

Argued June 3, 1997.

Decided July 18, 1997.

Melvin K. Washington (argued), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

LeRoy Kramer, III, Racine, WI, for Defendant–Appellant.

Before CUMMINGS, WOOD, JR., and DIANE P. WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

Defendant Calvin Gooch was employed by American Telephone & Telegraph Company ("AT&T") as an operation manager in its Milwaukee, Wisconsin, Custom Assembly Center. Gooch supervised all the employees of that facility from 1990 to 1992.

In the indictment, Gooch was accused of executing a scheme to defraud AT&T by having his secretary alter the payroll time records for herself and three other AT&T employees by adding unworked overtime hours. She altered the time sheets so that the overtime hours were apparently properly documented and classified. The fraudulent weekly time sheets were then sent from the Milwaukee facility to an AT&T facility in Alpharetta, Georgia, for entry into AT&T's payroll system. As a result of that information, payroll checks were sent from AT&T's Alpharetta facility to Milwaukee for disbursement to these four employees. Gooch then instructed them to cash their paychecks and give him most of the overtime amount. The indictment asserted that AT&T paid $159,970 in fraudulent overtime to the participating employees. This scheme was alleged to violate 18 U.S.C. § 2314.

After hearing the evidence, the jury returned a guilty verdict and Gooch was sentenced to 46 months' imprisonment. We affirm.

**Ambiguity in indictment**

The first two paragraphs of 18 U.S.C. § 2314 provide as follows:

Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or

money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more; or ...

Shall be fined under this title or imprisoned not more than ten years, or both.

Count One of the indictment was brought under the first paragraph of Section 2314 and provides as follows:

From on or about January 1990 to on or about June 1992, in the State and Eastern District of Wisconsin and elsewhere, CALVIN GOOCH the defendant, having executed and attempted to execute the scheme to defraud, did knowingly cause to be transported AT&T payroll checks containing unearned overtime compensation with a value in excess of $5000.00 in interstate commerce from Georgia to Wisconsin knowing the same to have been transported due to the above-described scheme to defraud.

Defendant contends that the preceding factual part of the indictment erroneously alleges elements of the second paragraph of Section 2314 as well as the first, thus forming a single offense from the two different sections. This challenge to the sufficiency of the indictment was not made until the close of the government's case and therefore the indictment must be upheld "unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." *United States v. Watkins*, 709 F.2d 475, 478 (7th Cir.1983) (citing *United States v. Knippenberg*, 502 F.2d 1056, 1061 (7th Cir.1974)). However, the indictment, together with the court's jury instructions, addresses the first paragraph of 18 U.S.C. § 2314 and concerns the interstate movement of property. In contrast, the sec-

ond paragraph involves the interstate transportation of persons, which is not alleged in this indictment. See *United States v. Quintanilla*, 2 F.3d 1469, 1475 n. 6 (7th Cir.1993). It is true that the indictment refers to a scheme to defraud which is covered by the second paragraph of 18 U.S.C. § 2314, but this phrase is mere surplusage and will therefore be disregarded. See *United States v. Mastrandrea*, 942 F.2d 1291, 1293–1294 (8th Cir.1991), certiorari denied, 502 U.S. 1074, 112 S.Ct. 973, 117 L.Ed.2d 138.

In sum, defendant has not shown that the drafting of this indictment caused him any prejudice. The indictment charged each of the elements required for a conviction under Section 2314, as set forth by this Court. See *Quintanilla*, 2 F.3d at 1474.

**Adequacy of instruction under 18 U.S.C. § 2314**

■ The district judge instructed the jury as to the necessary elements of the offense charged by stating:

First of all, that the defendant transported or caused to be transported the money described in the indictment in interstate commerce from Georgia to Wisconsin;

Second, that the money was at least $5,000;

Third, that the money had been taken by fraud;

And fourth, at the time that the defendant transported or caused the money described in the indictment to be transported, he knew it was taken by fraud.

In so doing, Judge Curran used the standard instructions in this Circuit for an offense in violation of the first paragraph of Section 2314. See Vol. III, Jury Instructions of the Seventh Circuit, p. 101. As required by the statute, the district judge told the jury that at least $5,000 must have been taken by fraud, transported in interstate commerce, and that the defendant knew the money was taken by fraud. These instructions satisfy the first paragraph of Section 2314 as construed in *Quintanilla*, 2 F.3d at 1474.

■ Although Gooch argues that Section 2314 requires the active participation of the defendant in the movement of the stolen property, aiding and abetting is also punisha-

ble under 18 U.S.C. § 2(a) and consequently it was appropriate for the district judge to give an aiding and abetting instruction (Tr. 660–661). It is unnecessary that the indictment specifically charge aiding and abetting. See *United States v. Moore*, 936 F.2d 1508, 1526 (7th Cir.1991), certiorari denied, 502 U.S. 991, 112 S.Ct. 607, 116 L.Ed.2d 630. Under the instructions given, the jury could reasonably have found the defendant guilty of a violation of the first paragraph of 18 U.S.C. § 2314.

**Sufficiency of the evidence**

██ The defendant next asserted that the evidence was insufficient to show that he committed a violation of the first paragraph of 18 U.S.C. § 2314. Gooch has a very high hurdle to clear in making this type of challenge. We review the evidence and all inferences therefrom in the light most favorable to the government. We will reverse "only when the record is devoid of *any* evidence, regardless of how it is weighed, from which a jury could find guilt beyond a reasonable doubt." *United States v. Thompson*, 106 F.3d 794, 798–799 (7th Cir.1997) (citing *United States v. Gutierrez*, 978 F.2d 1463, 1468–1469 (7th Cir.1992)) (emphasis added).

██ The outcome in this case is clear: The guilty verdict was justified by the facts of record. Five of the employees participating in the fraudulent overtime scheme testified against Gooch, giving very detailed testimony regarding the scheme. Thus the evidence showed that Gooch orchestrated this scheme to embezzle funds from AT&T by the inflation of the time records of his employees and the falsification of work codes on the time cards. Upon this record, the jury was entitled to conclude that defendant knew that payroll checks would be based upon fraudulent time records and that the payroll checks would then be transported interstate from Georgia to Wisconsin. The record also showed that defendant's fraudulent conduct easily exceeded the $5,000 threshold required by Section 2314.

**Admission into evidence of a stipulation between the parties**

██ The trial court admitted a stipulation between AT&T and Gooch in a bankruptcy proceeding. When Gooch filed for bankruptcy, AT&T reached an agreement with him that he owed AT&T $190,118 through his scheme to defraud AT&T. After consultation between the government and Gooch during his trial, defense counsel did not object to the following statement read by Judge Curran to the jury:

> In a separate proceedings [sic], including a dispute between the defendant and AT&T relating to the defendant's conduct while at the AT&T facility, the defendant stipulated to and did not otherwise contest the fact supporting the conclusion that he owed AT&T a debt of $190,118, which debt is not dischargeable in a bankruptcy proceedings.

Consequently, any objection to the admission of this stipulation has been waived. See *United States v. Thomas*, 11 F.3d 1392, 1397 (7th Cir.1993). In any event, admission of the stipulation was not plain error, the applicable standard of review, see *id.* at 1397–1398, and it did not "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings," *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993) (citations omitted). Even if this Court were to conclude that the admission of the stipulation was plain error, its admission would not result in a reversal or an order for a new trial. Any error was harmless, given the overwhelming evidence against Gooch in this case. See *Olano*, 507 U.S. at 734–735, 113 S.Ct. at 1777–1778; *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

Conviction affirmed.