UNITED STATES of America, Plaintiff,

v.

Marvin G. SCHWAB, Daniel A. Schwab, and Vance S. Schwab, Defendants.

No. 98–CR–076–J.

United States District Court, D. Wyoming.

July 28, 1999.

Robert B. Carroll, Cheyenne, WY, for Marvin G. Schwab, defendant.

G. Kevin Keller, Cheyenne, WY, Lowell H. Becraft, Jr., Huntsville, AL, for Daniel A. Schwab, defendant.

James K. Lubing, Jackson, WY, for David W. Horsley, Jr., defendant.

James E. Phillips, Phillips & Lancaster, Evanston, WY, John D. Bowers, Bowers Law Office, Afton, WY, for Vance Schwab, defendant.

*ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS INDICTMENTS AND DISMISSING INDICTMENT AND FINDING DEFENDANTS' MOTIONS FOR A NEW TRIAL AND MOTIONS FOR JUDGMENT OF ACQUITTAL TO BE MOOT*

ALAN B. JOHNSON, Chief Judge

On March 25, 1999, the jury returned verdicts against defendants Marvin G. Schwab, Daniel A. Schwab and Vance S. Schwab on all counts against them in the Indictment. Marvin G. Schwab was convicted of one count of conspiracy to commit

interstate transportation of monies obtained by fraud and one count of the substantive violation of causing interstate transportation of monies obtained by fraud in violation of 18 U.S.C. § 2314. Daniel A. Schwab was convicted of one count of conspiracy to commit interstate transportation of monies obtained by fraud and six counts of the substantive violation of causing interstate transportation of monies obtained by fraud in violation of 18 U.S.C. § 2314. Vance S. Schwab was convicted of one count of conspiracy to commit interstate transportation of monies obtained by fraud and one count of the substantive violation of causing interstate transportation of monies obtained by fraud in violation of 18 U.S.C. § 2314.

Defendants bring the following Motions: Motions for Judgment of Acquittal After Verdict Returned, Motions for a New Trial, Motions to Dismiss Indictment and Renewals of Motions for Judgment of Acquittal. Defendants generally contend as follows: there is insufficient evidence to support their convictions on any of the counts; there is insufficient evidence of false and fraudulent pretenses in regard to the substantive counts; they had no duty to disclose material facts and therefore they are entitled to a judgment of acquittal on the substantive counts; they were prejudiced by the government's representation before trial that they were charged under Paragraph Two of § 2314; and, they were prejudiced by a variance in or constructive amendment to the Indictment.

The government contends that there is sufficient evidence to support all of the convictions; that the indictment was sufficient; that there was no variance in the Indictment; that there was no constructive amendment of the Indictment; that the language from the incorrect paragraph of § 2314 should be disregarded as mere surplusage; and, that defendants were not prejudiced because they had adequate notice that the prosecution was based upon their alleged fraud against three insurance companies.

The standards for consideration of the present motions are as follows:

In considering a motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29, we must:

> View the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty beyond a reasonable doubt.... [We are permitted] to enter a judgment of acquittal only if the evidence is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.

*United States v. White*, 673 F.2d 299, 301 (10th Cir.1982) (citations omitted); *U.S. v. Peveto*, 881 F.2d 844, 860 (10th Cir.), *cert. denied*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). We must refrain from weighing conflicting evidence and from considering the credibility of witnesses, and determine whether the evidence, when viewed in the light most favorable to the government, establishes each element of the crime. *White*, 673 F.2d at 301–02. If so, we must not disturb the jury's verdict of guilty. *Id.* at 302.

In considering a motion for new trial, we have broad discretion which will not be disturbed on appeal absent plain abuse of that discretion. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir.1987). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Fed.R.Crim.P. 33 provides that a court may grant a new trial "if required in the interest of justice." Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial. 3 Charles A. Wright, Federal Practice and Procedure: Criminal § 556 (2d ed.1982). However, we disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091 (10th Cir.1969), and exercise great caution in granting them. *U.S. v. Allen*, 554 F.2d 398 (10th

Cir.) *cert. denied,* 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977).

*U.S. v. Stiner,* 765 F.Supp. 663, 664 (D.Kan.1991). *Accord U.S. v. Sinclair,* 109 F.3d 1527, 1531 (10th Cir.1997) ("motion for new trial is not regarded with favor and should only be granted with great caution.")

> An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense. *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Walker,* 947 F.2d 1439, 1441 (10th Cir. 1991).

*United States v. Hall,* 20 F.3d 1084, 1087 (10th Cir.1994).

> Our concern is whether, after reading the counts of an indictment together, a defendant has "a clear understanding of each of the charges against him." *United States v. Edmonson,* 962 F.2d 1535, 1542 (10th Cir.1992) (reading all three counts of an indictment together, it stated all essential elements of the statute). Count 1 of the superseding indictment parrots the language of [the statute] and then incorporates Count 1 and references [the statute]. *See* Fed.R.Crim.P. 7(c)(1). An indictment need not quote the statute to adequately place a defendant on notice of the charges against him. *United States v. Bullock,* 914 F.2d 1413, 1414 (10th Cir.1990) (discussing untimely challenge to sufficiency of indictment) (citing *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)); *see also Kienlen v. United States,* 379 F.2d 20, 23 (10th Cir.1967) (rejecting challenge to single sentence indictment that failed "to allege the [defendant] assaulted and put lives in danger by the use of a dangerous weapon 'while committing an offense in violation of 18 U.S.C. § 2113(a)' ").

> Defendant has not shown that he could not adequately prepare his defense or that the charge or the record at the second trial is so lacking that it provided him no protection against double jeopardy. Defendant evidently received all required access to the prosecution's discovery and concedes that the evidence in both trials was nearly identical. *See United States v. Dyba,* 554 F.2d 417, 420 (10th Cir.) (upholding imperfect indictment because not substantially prejudicial to defendant), *cert. denied,* 434 U.S. 830, 98 S.Ct. 111, 54 L.Ed.2d 89 (1977); *United States v. Mason,* 440 F.2d 1293, 1296 (10th Cir.) (upholding indictment that was "not a model of clarity"), *cert. denied,* 404 U.S. 883, 92 S.Ct. 219, 30 L.Ed.2d 165 (1971).

> Finally, defendant argues that Count 2 does not state the elements of [the statute] and the jury instructions setting out those elements impermissibly broadened the indictment. Because we have already held that the indictment was not deficient for failing to list the elements of [the statute] the jury instructions did not broaden the indictment.

*U.S. v. Willis,* 102 F.3d 1078, 1082–83 (10th Cir.1996) (citations partially omitted).

> "A constructive amendment of an indictment occurs when the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. Hornung,* 848 F.2d 1040, 1046 (10th Cir.1988) (quoting *United States v. Hathaway,* 798 F.2d 902, 910 (6th Cir.1986)).

*U.S. v. Gauvin,* 173 F.3d 798, 804 (10th Cir.1999).

> A variance arises when the evidence presented at trial establishes facts which are different from those alleged in the indictment. *Dunn v. United States,* 442 U.S. 100, 105, 99 S.Ct. 2190, 60 L.Ed.2d

743 (1979); *United States v. Powell*, 982 F.2d 1422, 1431 (10th Cir.1992), *cert. denied*, 507 U.S. 946, 113 S.Ct. 1356, 122 L.Ed.2d 736 (1993). However, no variance occurs when the government's theory on which the case was tried is the same as that charged in the indictment. *Dunn*, 442 U.S. at 106, 99 S.Ct. at 2194. Moreover, even if a variance exists, we will not reverse unless the variance affects the defendant's substantial rights. *Powell*, 982 F.2d at 1431; *United States v. Harrison*, 942 F.2d 751, 759 (10th Cir.1991) ("variance did not affect defendant's right to a fair trial").

*U.S. v. Meyers*, 95 F.3d 1475, 1487 (10th Cir.1996).

Section 2314 of Title 18 is part of the National Stolen Property Act. Section 2314 contains "five subsections, each of which constitutes a separate offense." *U.S. v. Wright*, 791 F.2d 133, 135 (10th Cir.1986). The first two of those five unnumbered sections or paragraphs are relevant to this case:

> Whoever transports ... in interstate ... commerce any ... securities or money, of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or

> Whoever, having devised or intended to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations ... transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate ... commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more;

> \* \* \* \* \* \*

Shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 2314.

■ For the purposes of this case, the court will refer to the first paragraph, *supra*, as Paragraph One and the second, *supra*, as Paragraph Two. "Stripped of the verbiage inapplicable to this case, [Paragraph One of] § 2314 clearly applies to the knowing interstate transportation of the *fruits* of a fraudulent act." *Wright*, 791 F.2d at 135 (italics in original). Checks are "securities" within the meaning of § 2314. 18 U.S.C. § 2311.

Shortly before the start of trial, the defendants asked for a clarification regarding under which subsection of § 2314 the government was proceeding. The government represented on the record that it was proceeding under Paragraph Two. Accordingly the trial was focused on the elements of Paragraph Two.

■ Unfortunately, at that time the government and apparently some of the defendants were under the misunderstanding[1] that Paragraph Two could relate to the transportation of property when in fact it covers only causing the transportation or travel of *persons* in interstate commerce. *See U.S. v. Brown*, 79 F.3d 1550, 1557 (11th Cir.1996) ("section 2314 prohibits devising a 'scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses,' which induces a person to travel in interstate commerce."); *U.S. v. Biggs*, 761 F.2d 184, 187 (4th Cir.1985) (conviction under Paragraph Two requires that as a result of the scheme, a victim was induced to travel in interstate commerce); *U.S. v. Roberts*, 22 F.3d 744, 748 (7th Cir.1993) ("If the defendant is a knowing and active participant in the scheme and the scheme *induces* a victim to travel across state lines, the defendant can be convicted" under Paragraph

---

1. For example, see the government's proposed jury instructions numbers 33, 37, 39, 43, and 49. These instructions set forth the elements of Paragraph Two and include causing *money* to be transported in interstate commerce in furtherance of a scheme to defraud as an element.

Two of § 2314); *U.S. v. Gibson,* 690 F.2d 697, 702 (9th Cir.1982) (the crime under Paragraph Two is causing interstate transportation of the *investor* with the intent to defraud him or her of money or property); and *U.S. v. Quintanilla,* 2 F.3d 1469, 1475 (7th Cir.1993) (Paragraph Two of § 2314 applies only to the interstate transport of people, not property).

Section 2314 invites such a misunderstanding because of the confusing way in which it is drafted. It is not divided into numbered and/or lettered subsections, the drafting convention commonly used to signal separate offenses and the separate elements of the offenses. As the cases cited by the government show, there has been a confusion as to which paragraph is charged in an Indictment under section 2314 in other cases.

The case *U.S. v. Cardall,* 885 F.2d 656, 673 (10th Cir.1989), is an example of how easily § 2314's unnumbered paragraphs are confused. The *Cardall* opinion quotes the jury instructions which quoted Paragraph One, and also sets forth the elements of Paragraph One. The *Cardall* court also examines cases construing Paragraph One. Yet, at footnote 33, the *Cardall* court misidentifies Paragraph Two as the relevant paragraph. *See also Wright,* 791 F.2d at 135 (companion case which arose out of same indictment as *Cardall* where court noted *Wright/Cardall* Indictment charged violation of Paragraph One)

 One critical difference between Paragraph One and Paragraph Two of § 2314 is that for conviction under Paragraph Two, the scheme need not have resulted in actual deprivation of property. *See U.S. v. Gibson,* 690 F.2d 697, 701 (9th Cir.1982) ("We agree with the Second Circuit's statement that '[t]here is no language in the [statute] which requires that the victim actually be deprived of any property at the all—the scheme or artifice need only induce the travel not the loot.' ") (quoting *United States v. Benson,* 548 F.2d 42, 46 (2nd Cir.), *cert. denied,* 431 U.S. 939, 97 S.Ct. 2652, 53 L.Ed.2d 257 (1977)). Instead, conviction under Paragraph Two requires only that a defendant have participated in the scheme and that the scheme have induced an investor/victim to travel in interstate commerce. *Id.*

 Conviction under Paragraph One however, requires evidence that the check in question was actually taken by fraud *and* that defendant knew the check was taken by fraud when he or she caused it to be transported in interstate commerce. Thus, the essential elements under Paragraph One are as follows.

The essential elements of [interstate transportation of money taken by fraud] are (1) transporting, or causing the transportation, (2) in interstate commerce, (3) of property valued at $5,000 or more, (4) with knowledge that it has been . . . fraudulently taken from its rightful owner. 18 U.S.C. § 2314.

*U.S. v. Cardall,* 885 F.2d at 673 (10th Cir.1989).

 Based upon the entire record in this case the court must find and conclude that defendants were materially prejudiced in their defense. The government's representation that the case was brought under Paragraph Two was made for the express purpose of the trial defense. As a result, the defendants did not have fair notice of the charge against which they must defend because they prepared and defended this case believing they were charged with the crime set forth in Paragraph Two, yet the jury considered and found them guilty of the elements of the crime set forth in Paragraph One.

A review of the sequence of events reveals the way in which defendants were deprived of fair notice of what they must be prepared to defend against. On February 19, 1999, the court held a hearing on all pending pretrial motions, including two Motions for Bills of Particulars which sought clarification of the theory of prosecution. The Motions for Bills of Particulars were, as were the majority of motions, joined in by all of the defendants. At that hearing, the government stated that its

theory of what were false pretenses was set forth in its proposed jury instructions. Those proposed instructions, like Paragraph Two, reference a "scheme or artifice to defraud." The government's proposed instructions cite as their source the Devitt and Blackmar pattern instructions for mail fraud,[2] which also reference a "scheme or artifice to defraud." *See* E. Devitt, C. Blackmar and K. O'Malley Federal Jury Practice and Instructions §§ 40.02 and 40.03. The government's proposed instructions do not contain the elements of Paragraph One.

The hearing continued with defendant Daniel Schwab's counsel requesting a clarification on whether the government was proceeding under Paragraph One or Paragraph Two.[3] The government represented it was proceeding under Paragraph One.

The court's order on the pretrial motions denied the defendants' Motion for a Bill of Particulars Re: Allegations of Fraud as moot because the government had provided the requested information on the record during the hearing. *See* Order on Motions filed on February 22, 1999. However, the court did order the government to provide the particulars of its theory and supporting authority on why the defendants had a duty to disclose facts to the insurance companies. There was a subsequent hearing on the issue of whether insurance agents owed a fiduciary duty to insurance companies and the case proceeded to trial.

On the opening day of trial the court read the Counts from the Indictment to the jury. Those counts, quoted above, generally contain the elements of a violation of Paragraph Two except they include as an element the transportation of money instead of travel of *persons* in interstate commerce.

The government rested its case on the 13th day of trial—Friday, March 19, 1999. Defendants moved for judgments of acquittal. Defendant Daniel A. Schwab's counsel contended that the government failed to produce evidence of the essential element of Paragraph Two, namely that the scheme or artifice to defraud caused a person to travel in interstate commerce. He also contended that the paragraphs of § 2314 set forth mutually exclusive crimes and that defendants had defended against charges they violated Paragraph Two. The other defendants joined in this motion. The government reiterated its position that. it had charged defendants under Paragraph Two, but also contended that the paragraphs of § 2314 should be read in the conjunctive. The government's argument was basically that all the paragraphs of § 2314 could be read together to create the elements of violations of the entire section instead of the individual subsections.

Trial then proceeded with defendants presenting one expert witness and placing their decision not to testify on the record. Defendants then rested the same day as the government. The court arranged to hold the jury instruction conference on the next day, Saturday, March 20, 1999.

At the Saturday morning instruction conference, counsel for the government announced that it was proceeding under Paragraph One of § 2314. By that time the evidence was closed, defendants had made their decision not to testify and the parties had submitted their proposed instructions. Defendants immediately asserted that they had been prejudiced.

---

**2.** As noted in *Benson,* 548 F.2d at 46 and n. 6, there is a "close relationship between the mail fraud statute and the second paragraph of section 2314," because Congress intended to "fill the interstices left by the mail fraud statute" by enacting Paragraph Two. *Id.*

**3.** The jury instructions proposed by the defendants are consistent with the representation at the February 19 hearing that there was confusion among the defendants as to what paragraph of § 2314 the Indictment referenced. *Compare* Daniel Schwab's proposed jury instruction No. 29 (elements of Paragraph One) with Marvin Schwab's Proposed instruction Nos. 17 and 18 (referencing Paragraph Two).

On Monday, March 22, 1999, the jury instruction conference was completed, closing arguments were heard, the court instructed the jury on the elements of the substantive crimes of violation of Paragraph One, as well as conspiracy to violate Paragraph One, and the case submitted to the jury. The court declined to send a copy of the Indictment to the jury. The jury deliberated several days before returning guilty verdicts on all counts on Thursday, March 25, 1999.

The government contends that defendants were not prejudiced because the Indictment placed the defendants on notice that in the substantive counts they were charged with causing monies obtained by fraud to be transported in interstate commerce. This position ignores the fact that prior to trial, defendants asked for and received the government's express clarification of the paragraph and therefore of the criminal offense they were defending against. Although the government mentioned fraud in its opening statement, it did not inform defendants that they would have to defend against the allegations that (1) they caused checks to be transported in interstate commerce; and, (2) that they knew when they caused the transportation that the checks were "taken by fraud." As noted above, a scheme or artifice to defraud does not have to successfully obtain money or checks to serve the basis of a conviction under Paragraph Two, yet a fraud must necessarily have been successful to form the basis of a prosecution under Paragraph One for the transportation of the *fruits* of that fraud in interstate commerce. Thus, there is an entirely different thrust to the defense of offenses charged under Paragraphs One and Two.

The fact that the defendants' request for an on-the-record express representation of the criminal statute that serves as the basis for the prosecution at trial may have been made pursuant to a "speaking motion in limine" instead of defendants' Bills of Particulars is not dispositive. The fact is that at the pretrial hearing on all pending pretrial motions, including two Motions for Bills of Particulars, the defendants asked for and received a clarification from the government on whether they were being prosecuted under Paragraph One or Paragraph Two.

Under the circumstances of this case, the government's change of paragraphs—and thereby change of criminal offenses—after it had rested, after the evidence was closed and after defendants had made their decision not to testify deprived the defendants of fair notice of what they must be prepared to defend against. Therefore, defendants were prejudiced because they did not have the ability to adequately prepare and defend against the charges against them.

Accordingly, defendants are entitled to a New Trial. However, because the court will, for the reasons stated below, also grant defendants' Motions to Dismiss the Indictment, the Motions for a New Trial are moot. Nonetheless, the court is making its findings and conclusions on all of defendants' Motions of record to provide the parties with a complete record in the event of an appeal.

■ In the alternative, defendants also seek to have the Indictment dismissed. Defendants contend that if the government is proceeding under Paragraph One the Indictment is deficient because it does not contain an essential element of the offense, namely knowing that the checks had been taken by fraud when they caused them to be transported.

The government admits that the Indictment does not "parrot" or contain the exact language of Paragraph One of § 2314. Nonetheless, the government contends that the language of the Indictment contains the essential elements of Paragraph One of § 2314.

The Indictment contains detailed allegations in its Definitions/Introduction section. Count One, the conspiracy count, then alleges as follows:

> [Defendants], unlawfully, willfully, and knowingly conspired, combined, confederated, and agreed with each other, and

with others both known and unknown to the Grand Jury, to commit certain offenses against the United states, to wit: *to engage in the interstate transportation of monies obtained by fraud,* that is, for the purpose of executing the aforesaid scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses and representations, as described below, the Defendants did cause to be transported in interstate commerce, in the execution of said scheme, monies of the value of $5,000.00 or more, to wit: approximately $6,223,641.70 *as prohibited by 18 U.S.C. § 2314.*

Indictment at 5 (underlined emphasis added).

The Manner and Means sections then allege that defendants as "part of the conspiracy and scheme and artifice to defraud" did the following: Arranged loans to pay the first year premiums and did not inform the insurance companies of the loans (¶ 7); Arranged for repayment of policy holders' loans from defendants' own commissions and did not inform the insurance companies of this arrangement (¶ 8); Would allow the policies to lapse or drastically reduce coverage after the first year ¶ 10; Induced the purchase of policies by telling purchasers that the purchase would require no out-of-pocket expense and would be paid for after the first year by reducing the coverage so that the accumulated cash value from the first year would cover the successive premiums, and did not tell the insurance company they were making such inducements (¶ 13); Knowingly utilized faulty software to generate illustrations for showing prospective buyers that erroneously showed the insurance company would not charge a surrender charge if a high benefit policy was canceled or reduced (¶ 14); Intentionally misrepresent a purchaser's income or net worth to the insurance companies (¶ 15); Used an independent company owned or controlled by two of the defendants to repay their customers for the amount of the first year's premiums (¶ 16); Falsely represented to one insurance company that inexperienced agents, who were entitled to higher commissions, were entitled to a sales commission when defendant Daniel A. Schwab, an experienced agent eventually received the majority of such commissions (¶ 24); Misrepresented to one insurance company the amount of insurance coverage some customers had in order to hide the fact that they had high benefit policies in force from another company (¶¶ 25 and 30); And, submitted applications to three insurance companies that failed to inform them of material facts or misrepresented material facts such as that the premiums were being financed, that there was partial assignment of benefits, that the prospective policy holder intended to drastically reduce or cancel after the first year, had other policies from other companies in effect, and that defendants were misrepresenting the performance of the policies in order to sell them, and misrepresented the income and net worth of the policy holders.

The substantive counts each incorporate the paragraphs from the definitions/introductions section and the paragraphs from the Manners and Means sections. Each substantive count then alleges as follows:

On or about [date], in the District of Wyoming, the defendant [name] for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did cause to be transported in interstate commerce, money, the value of $5,000 or more, in connection with the life insurance policy sold by [named defendant] to [named policy holder(s) ] a [named insurance company] check in the amount of [named amount], made payable to [named defendant at named address], *which was obtained by false and fraudulent pretenses and representations* from the [named insurance company], which check was transported from [named city outside of Wyoming] to Afton, Wyoming.

In violation of 18 U.S.C. § 2314 (underlined emphasis added).

Indictment at Counts Two, Three, Four, Five, Six, Seven, Eight, Eleven, and Twelve.

The court finds that the Indictment does not allege the essential elements of Paragraph One of § 2314 because it does not allege that defendants caused the checks to be transported "knowing the same to have been taken ... by fraud." In this crucial respect the Indictment in this case is distinguishable from the Indictments at issue in the cases cited by the government. *See U.S. v. Gooch,* 120 F.3d 78 (7th Cir. 1997); *U.S. v. Mastrandrea,* 942 F.2d 1291, 1292 (8th Cir.1991); *U.S. v. Lennon,* 814 F.2d 185, 190 (5th Cir.1987); and *United States v. Quintanilla,* 2 F.3d 1469 (7th Cir.1993). For example, in *Gooch,* the Indictment alleged that the defendant "having executed and attempted to execute the scheme to defraud, did knowingly cause to be transported ... checks ... *knowing the same to have been transported due to the above-described scheme to defraud.*" 120 F.3d at 79 (underlined emphasis added). Thus, because the Indictment in Gooch alleged the elements of Paragraph One, the language regarding a "scheme to defraud" contained in Paragraph Two could be "disregarded" as "mere surplusage." *Id.* at 80. Accordingly, the Seventh Circuit held there was no prejudice to the defendant from the drafting of an Indictment including language from two paragraphs of § 2314.

Unlike *Gooch,* in this case, if the "scheme to defraud" language from Paragraph Two is "disregarded" as "mere surplusage" the Indictment in this case is not left with allegations of the elements of Paragraph One because it does not allege that defendants "knew" their commission checks were "taken by fraud" when they caused them to be transported in interstate commerce. And the reverse is also true: despite the "scheme to defraud" language, the Indictment fails to allege the elements of Paragraph Two because it does not allege the transportation of a person. *See United States v. Brown,* 79 F.3d 1550, 1556 (11th Cir.1996) (§ 2314 prohibits devising a scheme to defraud or a scheme for obtaining money by means of false or fraudulent pretenses which scheme induces *a person* to travel in interstate commerce) (citing *U.S. v. Biggs,* 761 F.2d 184, 187 (4th Cir.1985) (conviction requires proof that as a result of the scheme a victim was induced to travel in interstate commerce)).

Similarly, in *Mastrandrea,* 942 F.2d at 1292 and *Lennon,* as in *Gooch, supra,* the indictments contained all the necessary elements of Paragraph One and therefore the language from Paragraph Two could be discarded as surplusage. *Mastrandrea,* 942 F.2d at 1292 (Indictment alleged that the defendants "for the purpose of executing the aforesaid scheme and artifice to defraud, did *knowingly* cause to be transported in interstate commerce" a check) and *Lennon,* 814 F.2d at 190 (Indictment alleged plaintiff "for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property in excess of $5,000 by means of false and fraudulent pretenses did transport and cause to be transported in interstate commerce ... [a check], *knowing* that certain proceeds of the check to have been taken by fraud.") (underlined emphasis added).

Further, in *Mastrandrea,* the defendants were not misled as to the necessary elements because the government gave the defendants notice at the time of opening statements that it was proceeding under Paragraph One. This case is very different because prior to the jury instruction conference, defendants were proceeding under the government's express representation that they were defending under Paragraph Two. In view of the entire history of the case, the government's remarks during opening regarding "fraud" was insufficient to inform the defendants that they were defending against the crime set forth in Paragraph One. Especially where the government itself did not realize this was a Paragraph One case until sometime shortly before the jury instruction conference.

The court finds another case cited by the government, *Quintanilla, supra,* 2

F.3d 1469, to be inapposite. In *Quintanilla*, a defendant was charged with mail fraud and interstate transportation of funds obtained by fraud under § 2314. During trial, the mail fraud counts were dismissed after the government rested. The *Quintanilla* court then sent the Indictment to the jury with the Indictment redacted to remove those mail fraud counts and the "scheme to defraud" language relating to the dismissed counts from the remaining counts for interstate transportation of funds obtained by fraud. *Quintanilla* is thus relevant only to the issue of a redacted Indictment as sent to the jury. Further, the Indictment in *Quintanilla* was sufficient to allege all elements of interstate transportation of funds obtained by fraud.

This case is also distinguishable from the cases cited by the government for the proposition that the fact that the government's attorney was mistaken as to what paragraph of the charged statute was alleged in the Indictment does not affect the validity of the Indictment because in each of those cases the Indictment did contain allegations covering the essential elements of another crime. *See Smith v. United States*, 145 F.2d 643 (10th Cir.1944) (Indictment not invalid even though U.S. Attorney stated for the record that a challenged Indictment had intended to charge conspiracy to violate an invalid statute because elements of different statute were stated); *U.S. v. Hutcheson*, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788 (1941) (designation by the pleader of the of the statute under which he purported to lay the charge is immaterial). The circumstances of this case show much more than that the drafter was mistaken; the circumstances show active (albeit unintentional) misinformation about the offense intended to be charged given to the defendants coupled with the failure of the Indictment to allege an essential element of the crimes for which defendants were convicted.

Because the Indictment in this case fails to allege an essential element of the offense intended to be charged, it is fatally defective. In this respect the court finds the cases cited by the defendants to be more relevant. In a case directly on point, *U.S. v. Wabaunsee*, 528 F.2d 1 (7th Cir. 1975), the Indictment in a Paragraph One case was fatally defective because it failed to allege the "essential element" of the offense—knowledge that the items had been "stolen" or to contain language that could reasonably be construed to supply missing element. *Id.* at 2–3. The court held that the mere citation of the statute did not cure the defect. *Id.* at 4.

In *Nelson v. U.S.* 406 F.2d 1136 (10th Cir.1969), the Indictment alleged a conspiracy to violate Paragraph *Three* of § 2314, which forbids transporting in interstate commerce any altered securities with unlawful or fraudulent intent. The *Nelson* court found that the failure of the Indictment to allege an element—intent—of the substantive crime rendered the Indictment "fatally defective." 406 F.2d at 1137. In *Nelson* the Indictment alleged that the defendant conspired to "transport ... in interstate commerce, altered securities, knowing the same to have been altered in violation of 18 U.S.C. § 2314." *Id.* at 1136. However, the overt acts did not allege that the acts were accompanied by "unlawful and fraudulent intent" as is required to sustain a substantive violation of Paragraph Three of § 2314 and therefore the Indict was defective. *Id.*

In *U.S. v. Beard*, 414 F.2d 1014, (3rd Cir.1969), another Paragraph Three case, the court held that the failure of indictments charging interstate transportation of falsely made and forged securities to allege unlawful or fraudulent intent was not merely a "technical difficulty" which did not prejudice the accused but was a fatal defect that required reversal of the convictions. 414 F.2d at 1017. *Accord U.S. v. Pomponio*, 517 F.2d 460 (4th Cir. 1975), *cert. denied*, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (fatally defective Indictment failed to allege unlawful or fraudulent intent in Paragraph Three case).

In this case none of the counts of the Indictment, read separately or read to-

gether, contain the essential elements of Paragraph One. The Definitions/Introduction sections and the Manner and Means sections also do not contain the essential elements of Paragraph One, so their incorporation into the conspiracy or the substantive counts do not save the Indictment. Compare *U.S. v. Edmonson*, 962 F.2d 1535, (10th Cir.1992) (reading three counts together to find Indictment contained all essential elements of knowingly and intentionally participating in conspiracy to distribute cocaine) and *U.S. v. Willis*, 102 F.3d 1078 (10th Cir.1996) (Indictment not deficient where conspiracy count parroted language of substantive charge and conspiracy count was incorporated by substantive count).

The government contends that it is "implicit" in the Indictment that defendants knew the money they received was obtained by their own fraud. In support the government cites *U.S. v. Metropolitan Enterprises*, 728 F.2d 444, 452 (10th Cir.1984) (a Sherman Act case) *United States v. Dixon*, 596 F.2d 178 (7th Cir.1979) and *United States v. Norman*, 391 F.2d 212 (6th Cir.1968). In each of those cases the Indictment was held to have contained allegations of the requisite intent although not expressly stated. In this case, reading the Indictment liberally and as a whole, the court does not find the necessary element alleged. The elements themselves must be alleged, although it need not be in the exact wording contained in the statute. Compare *U.S. v. Airdo*, 380 F.2d 103 (7th Cir.1967), *cert. denied*, 389 U.S. 913, 88 S.Ct. 238, 19 L.Ed.2d 260 (1967) (Indictment not defective where it contained a word that supplied the required element of knowledge to support charge defendant was possessed of property knowing that it was stolen from interstate commerce in violation of 18 U.S.C. § 659).

The Indictment failing to allege all of the essential elements of an offense charged under Paragraph One of § 2314, the Indictment must be dismissed.

Defendants also contend that the evidence is insufficient to support their convictions. The court believes that there was sufficient evidence presented at trial from which a reasonable jury could have found defendants violated Paragraph One and conspired to violate Paragraph One of 29 U.S.C. § 2314. Nonetheless, because the court will dismiss the Indictment for the reasons stated above, defendants' Motions for Judgment of Acquittal after Verdict Returned and Renewed Motions for Judgment of Acquittal are moot.

In conclusion the court notes that the government lauds defendants' counsel for mounting a vigorous, well prepared defense with a focused, thorough cross-examination, aimed at destroying the government's theory that defendants had perpetrated fraud against the insurance companies by showing their clients acted in good faith and free from the taint of fraud. The government contends that therefore defendant were not prejudiced because they ably defended against the government's contention that they defrauded the insurance companies.·

However, the unquestionable fact that defendants' counsel, like the government's counsel, did an excellent job at trial does not negate the fact that defendants' counsel understood they were defending their clients against one offense only to find out after the close of evidence that the jury would be instructed on the elements of a different offense. As the Supreme Court has stated:

> To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused.

\* \* \* \* \* \*

> [C]ourts are not free to revise the basis on which a defendant is convicted simply because the same result would likely obtain on retrial. As we recognized in *Cole v. Arkansas*, 333 U.S., at 201, [68

S.Ct. 514,] "[i]t is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made."

*Dunn v. United States,* 442 U.S. 100, 106–07, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979) (citations partially omitted).

 The facts that the crimes set forth in Paragraphs One and Two are somewhat similar or would arise from many of the same facts does not change the fact that each of § 2314's five subsections "constitutes a separate offense." *Wright,* 791 F.2d at 135. An indictment must allege the essential elements of the offense charged. It failed to do so in this case, rendering the Indictment fatally defective. The error was compounded by the government's express representation for trial purposes that defendants were being prosecuted for offenses different from the criminal offenses of which the jury found them guilty. Despite the presentation of evidence at trial that could have supported convictions under Paragraph One, the circumstances of this case entitled the defendants to have the Indictment dismissed. It is therefore

ORDERED that defendants have shown grounds that would require the granting of their Motions for a New Trial; however, because the Indictment is being dismissed, defendants' Motions for a New Trial are MOOT. It is further

ORDERED that defendants' Motions for Judgment of Acquittal After Verdict Returned and Renewals of Motions for Acquittal are MOOT. It is further

ORDERED that defendants' Motions to Dismiss Indictment are GRANTED. It is further

ORDERED that the Indictment is DISMISSED.